UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DONNA KIJEK and THOMAS WHALEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>AMERICOLLECT, INC.,<br><br>Defendant. | Case No.: 18-cv-1428<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District

## PARTIES

3. Plaintiff Donna Kijek is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Thomas Whalen is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him or her a debt allegedly incurred for personal, family or household purposes.

6. Each Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debts Defendants sought to collect from Plaintiffs were incurred as a result of a consumer transaction.

7. Defendant Americollect, Inc., ("Americollect") is a debt collection agency with its principal place of business located at 1851 S Alverno Rd., Manitowoc, WI 54220.

8. Americollect is licensed as a "Collection Agency" under Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-BKG 74.

9. Americollect is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. Americollect is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

11. Americollect is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

## FACTS

### *Facts Related to Plaintiff Kijek*

12. On or about March 15, 2018, Americollect mailed a debt collection letter to Plaintiff Kijek regarding an alleged debt owed to "WHEATON FRANCISCAN – SAINT FRANCIS" (hereinafter "WFHC"). A copy of this letter is attached as Exhibit A.

13. Upon information and belief, the alleged debts identified in Exhibit A were incurred as the result of a transaction for personal medical services in which payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment'").

2

14. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff Kijek inserted by computer.

15. Upon information and belief, Exhibit A is a form debt collection letter used by Americollect to attempt to collect alleged debts.

16. Upon information and belief, prior to the mailing of Exhibit A, Kijek provided a check in the amount of $52.00 to Americollect regarding Kijek's WFHC account.

17. Exhibit A states:

```
                                    ==============
        TOTAL AMOUNT RECEIVED:           $52.00
                                    ==============
PREVIOUS BALANCE ON ALL ACCOUNTS:    $3,580.83
BALANCE REMAINING ON ALL ACCOUNTS:   $3,528.83
```

18. Exhibit A further states:

```
If payment is made by check, this receipt is not valid until the
check clears the bank.
```

19. Exhibit A is confusing to the unsophisticated consumer.

20. Exhibit A states that the "BALANCE REMAINING ON ALL ACCOUNTS" is "$3,528.83," but also states that the amount stated "is not valid until the check clears the bank."

21. Exhibit A misstates the actual balance on the date the letter was sent, stating that the balance both is, and is not, $3,528.83. *See, Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 946 (7th Cir. 2004) ("The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, requires that any dunning letter by a debt collector as defined by the Act state 'the amount of the debt' that the debt collector is trying to collect.").

22. Plaintiff Kijek was misled, deceived, and confused by Exhibit A.

3

23. The unsophisticated consumer would be misled, deceived, and confused by Exhibit A.

### *Facts Related to Plaintiff Whalen*

24. On or about June 25, 2018, Americollect mailed a debt collection letter to Plaintiff Whalen regarding several alleged debts owed to various creditors. A copy of this letter is attached as Exhibit B.

25. Upon information and belief, the alleged debt identified in Exhibit B was incurred as the result of a transaction for personal medical services in which payment was deferred by agreement.

26. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff Whalen inserted by computer.

27. Upon information and belief, Exhibit B is a form debt collection letter used by Americollect to attempt to collect alleged debts.

28. Exhibit B also provides itemized account details:

| PROVIDER/ACCOUNT # | PATIENT | BALANCE |
|---|---|---|
| ORTHOPAEDIC HOSPITAL OF WISCONSIN ▮▮▮▮0370 | WHALEN, THOMAS<br>PT DOB: ▮▮▮▮1984<br>DATE OF SERVICE: 11/20/2017 | PRIN: $1800.00<br>INT: $10.85<br>ACCT TOTAL: $1810.85 |
| . . . | | |
| IHC WHEATON ANESTHESIA LLC ▮▮▮▮7873<br>PROV: ▮▮▮▮▮▮▮▮<br>LOC: WFH SPINE & HEART HOSPIT | WHALEN, THOMAS C<br>PT DOB: ▮▮▮▮1984<br>DATE OF SERVICE: 01/22/2016 | ACCT TOTAL: $0.00 |
| COLUMBIA ST MARY COMMUNITY PHY-SMMC ▮▮▮▮5354 | THOMAS WHALEN<br>DATE OF SERVICE: 08/23/2006 | ACCT TOTAL: $0.00 |

Exhibit B.

29. The reference to the zero-dollar account balances is confusing and misleading to the unsophisticated consumer, who would be unable to determine whether these balances were actually associated with a debt that Americollect was attempting to collect.

4

30. It is patently unclear from Exhibit B whether these "debts" have been paid in full, referred back to the creditor or some other debt collector, or potentially even written off as past the statute of limitations.

31. The reference is especially misleading and confusing because the "debt" associated with the account number ending in 5354 was allegedly incurred for medical services provided more than ten years ago, and the consumer would undoubtedly be confused about whether the debt had been paid in full and if so why Americollect was including it in Exhibit B.

32. Further, the payment remittance slip in Exhibit B specifically references the 5354 account number alongside a statement that the "AMOUNT DUE" is $3,773.26:



Exhibit B.

33. Plaintiff Whalen was misled, deceived, and confused by Exhibit B.

34. The unsophisticated consumer would be misled, deceived, and confused by Exhibit B.

### *The FDCPA*

35. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017

5

U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. 15 U.S.C. § 1692e specifically prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(10) specifically prohibits: "the use of any false representation or deceptive means to collect or attempt to collect any debt…."

### *The WCA*

39. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

40. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

41. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

7

Case 2:18-cv-01428-DEJ     Filed 09/12/18     Page 7 of 12     Document 1

42. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

43. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

44. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

45. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

46. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly

8

adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

47. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

48. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer . . . ."

49. Wis. Admin. Code § DFI-Bkg 74.16(9) defines such "other conduct" as "including conduct which violates the Federal Fair Debt Collection Practices Act."

50. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

51. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I - FDCPA

52. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53. Count I is brought on behalf of Plaintiff Kijek.

54. Exhibit A states that the "BALANCE REMAINING ON ALL ACCOUNTS" is "$3,528.83," but also states that the amount stated "is not valid until the check clears the bank."

55. Exhibit A misstates the actual balance on the date the letter was sent, stating that the balance is, and is not, $3,528.83.

56. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

9

## COUNT II - FDCPA

57. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

58. Count II is brought on behalf of Plaintiff Whelan.

59. The references to zero-dollar account balances in Exhibit B are patently confusing and misleading to the unsophisticated consumer as to the amount, character, and legal status of the "debt."

60. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

## COUNT III - WCA

61. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

62. Count III is brought on behalf of both Plaintiffs.

63. Americollect is licensed as a "Collection Agency" under Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

64. Exhibits A and B violate the FDCPA.

65. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

66. Plaintiff brings this action on behalf of two Classes.

67. Class I consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt owed to WFHC for personal, family, or household purposes, (d)

10

Case 2:18-cv-01428-DEJ    Filed 09/12/18    Page 10 of 12    Document 1

between the dates of September 12, 2017 and September 12, 2018, inclusive, (e) that was not returned by the postal service. Plaintiff Kijec is the designated representative for Class I.

68. Class II consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit B to the complaint in this action, (c) which sought to collect a debt incurred for personal, family, or household purposes, (d) which stated that the amount of the debt was "$0.00," (e) between the dates of September 12, 2017 and September 12, 2018, inclusive, (f) that was not returned by the postal service. Plaintiff Whalen is the designated representative for Class II.

69. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

70. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A and Exhibit B violate the FDCPA and / or the WCA.

71. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

72. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

73. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

74. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 12, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com